UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOUAN JABEZ JACKSON,

Plaintiff,

-against-

WARNER MUSIC GROUP CORP., et al.,

Defendants.

1:23-CV-10100 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jouan Jabez Jackson, who is appearing *pro se*, filed a 304-page complaint commencing this action, asserting claims of copyright infringement and "mental anguish." He sues the following defendants: (1) "Warner Music Group Corp." ("Warner Music"); (2) Atlantic Recording Corporation ("Atlantic Recording"); (3) Atlantic Records; (4) Craig Kallman or Kullman; (5) Brandy Norwood; (6) Rodney Jerkins; (7) David Foster; (8) Phil Galdston; (9) Gordon Anthony Chambers; (10) Diane Warren; and (11) ABC Television Network. Plaintiff seeks damages, declaratory relief, and injunctive relief.

By order dated December 20, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: he "is the sole author and exclusive owner of the original copyrighted musical compositions entitled 'Assumption Day,' 'Made A Champion," and other works (the 'Works')." (ECF 1, at 4.) "Without authorization from [him], Defendants copied

original elements of the Works in the creation of subsequent musical compositions and recordings created and/or owned by Defendants." (*Id.* at 5.) This includes, and is not limited to, "songs on the album 'Never Say Never' by Brandy Norwood and songs written and produced by Rodney Jerkins (the 'Infringing Works')." (*Id.*) "The Infringing Works bear substantial similarities to the original expression in the Works, including[,] but not limited to lyrics, themes, structure, and overall composition." (*Id.*) Warner Music, Atlantic Recording, and Atlantic Records "manufactured, distributed, and sold the album 'Never Say Never[,]' featuring the Infringing Works." (*Id.*)

Plaintiff's claims "also concern[] songs written and produced by Rodney Jerkins for other artists between 1997 and 2002." These songs include: (1) "'Daydreaming' by Tatyana Ali / Rodney Jerkins"; (2) "'I Learned From The Best' by Whitney Houston / Rodney Jerkins"; (3) "Angel Of Mine' by Monica / Rodney Jenkins"; (4) "He Wasn't Man Enough For Me' by Toni Braxton"; (5) "'Say My Name' by Destiny's Child / Rodney Jerkins"; (6) "(Musicology Report by Dr. Robert Tomaro – with 'Angel In Disguise' by Brandy)"; (7) "'If You Had My Love' by Jennifer Lopez / Rodney Jerkins"; (8) "'All Eyez On Me' by Monica / Rodney Jerkins"; and (9) "'If I Told You That' by Whitney Houston / Rodney Jerkins." (*Id.* at 5-6.) Plaintiff asserts that "[t]hese songs exhibit substantial similarities and were all produced by Rodney Jerkins, indicating a pattern of behavior." (*Id.* at 6.)

In addition to the songs mentioned above, Plaintiff states that his claims concern the following works: (10) "'Talk About Our Love' from the album 'Afrodisiac' (March 26, 2004)"; (11) "'Right Here (Department)' from the album 'Human' (2008)"; (12) "'Freedom Rings' (September 2019)"; (13) "'B7' album (2020) which includes songs like 'Borderline' and 'Saving All My Love'"; and (14) "Queen's ABC Television Network Series (2022) songs 'Hear Me' and

'Tomorrow's Another Day.'" (*Id.*) "All of these works [are] associated with Warner Music . . . and Atlantic Records [and] were released without authorization and infringe upon . . . Plaintiff's copyrights." (*Id.*)

In addition to claims of copyright infringement, Plaintiff's complaint's statement of claim seems to assert claims of "mental anguish" arising from the defendants' alleged infringement of his copyrights.

## DISCUSSION

The Court understands Plaintiff's complaint as asserting federal-law claims of copyright infringement, asserted under the court's original federal question jurisdiction, as well as associated state-law claims, asserted under the court's supplemental jurisdiction.

### A. Copyright Infringement

Plaintiff's complaint does not allege facts sufficient to state a federal-law claim of copyright infringement. In determining whether a complaint fails to state a claim on which relief may be granted:

> district courts "may review only a narrow universe of materials," which includes "facts stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, . . . *matters of which judicial notice may be taken*," as well as "document[s] not expressly incorporated by reference in the complaint [that are] nevertheless 'integral' to the complaint.

*Clark v. Hanley*, ___ F. 4th ___, No. 22-302, 2023 WL 8792031, at *10 (2d Cir. Dec. 20, 2023) (discussion in the context of a motion brought under Fed. R. Civ. P. 12(b)(6) (citation and footnote omitted, alterations in original, emphasis added)). "[A] district court [is] entitled to take judicial notice of [a litigant's] federal copyright registrations, as published in the Copyright Office's registry." *Island Software & Computer Serv. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005); *see Mariasy v. Poopy Prods., Inc.*, No. 1:20-CV-0461, 2020 WL 6781521, at *1 (N.D.N.Y. Nov. 18, 2020); *Lowery v. Fire Talk LLC*, No. 19-CV-3737, 2020 WL 5441785, at *2

(E.D.N.Y. June. 29, 2020) (citing cases), *report & recommendation adopted*, 2020 WL 5425768 (E.D.N.Y. Sept. 10, 2020); *LEGO A/S v. ZURU, Inc.*, No. 3:18-CV-2045, 2020 WL 13145135, at *7 n.3 (D. Conn. Apr. 22, 2020); *TCA Television Corp. v. McCollum*, 151 F. Supp. 3d 419, 425 (S.D.N.Y. 2015), *aff'd on other grounds*, 839 F.3d 168 (2d Cir. 2016). "To state a claim for copyright infringement, a plaintiff must allege 'both (1) ownership of a valid copyright and (2) infringement of the copyright by the defendant.'" *Spinelli v. Nat'l Football League*, 903 F.3d 185, 197 (2d Cir. 2018) (citation omitted).

Plaintiff alleges that he "is the sole author and exclusive owner of the original copyrighted musical compositions entitled 'Assumption Day,' 'Made A Champion," and other works (the 'Works')." (ECF 1, at 4.) With respect to the copyrights of these works, which he alleges the defendants have infringed upon, Plaintiff alleges that he "registered the Works with the United States Copyright Office and received Certificates of Registration." (*Id.*) He does not, however, include any identifying information in, or attach any documentation to, his complaint showing such registration. In fact, a search of the United States Copyright Office's Public Catalog reveals no such registrations.[1] Thus, it appears that Plaintiff does not own the copyrights of the specified works listed above. *See generally Phelps v. MacConnell*, No. 3:12-CV-0344, 2014 WL 3809806, at *7 (S.D. Ohio Aug. 1, 2014) ("Plaintiff's allegations are not consistent with the public records of the U.S. Copyright Office, which the Court may take judicial notice of. . . . Given this, Plaintiff's copyright infringement claim fails as a matter of law for lack of copyright ownership."), *report & recommendation adopted*, 2014 WL 4467667 (S.D. Ohio Sept.

[1] According to the Copyright Office's Public Catalog, Plaintiff appears to be the owner of copyrights of works known as "The Black Rolls and the Red Ledger," "Boys," and "Photofinish," and may also be the co-owner of the copyright of the work known as "SWAGNIFICENT." The Copyright Office's Public Catalog does not, however, show that he owns the copyrights of the specified works listed above.

8, 2014); *cf. Disney Enters., Inc v. Sarelli*, 322 F. Supp. 3d 413, 424 n.2 (S.D.N.Y. 2018) ("[T]his Court is entitled to take judicial notice of Plaintiffs' ownership of the relevant . . . copyrights from the publicly filed certificates of registration and file wrappers.").

Accordingly, for the reasons set forth above, the Court dismisses Plaintiff's federal-law claims of copyright infringement for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court, however, grants Plaintiff leave to replead his federal-law claims of copyright infringement in an amended complaint in which he alleges facts sufficient to state such a claim. Specifically, Plaintiff must allege facts showing that he owns the copyrights that he alleges the defendants have infringed upon.[2] He must also allege facts showing how the defendants have infringed upon those copyrights.

**B. Statute of limitations**

Additionally, notwithstanding the Court's discussion above, even if Plaintiff does own the copyrights at issue, most of his federal-law claims of copyright infringement must be dismissed because they are untimely. Because the failure to file a claim within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that his claim is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal *sua sponte* is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. & Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation

[2] Plaintiff may include identifying information in, and/or attach documentation to, his amended complaint to show such ownership.

marks and citation omitted)); *see also Abbas*, 480 F.3d at 640 (concluding that the district court should grant notice and opportunity to be heard before dismissing a complaint *sua sponte* on statute of limitations grounds).

The statute of limitations for a federal-law claim of copyright infringement is three years. *See* 17 U.S.C. § 507(b). The United States Court of Appeals for the Second Circuit has held that federal-law "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014). The Second Circuit has described this "discovery rule" as the following: "[A]n infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement." *Id.* at 124.

Plaintiff filed his complaint in this court on November 16, 2023. Thus, assuming that Plaintiff owns the copyrights at issue, any of his federal-law claims of copyright infringement that accrued before November 16, 2020 appear to be untimely. Plaintiff seems to allege that most of the defendants' infringing works were issued before November 16, 2020, and he does not allege any facts showing when he had actual or constructive discovery of the relevant infringements, specifically, when he discovered, or with due diligence should have discovered, those infringements. Accordingly, the Court additionally dismisses as untimely, and thus, for failure to state a claim on which relief may be granted, any of Plaintiff's federal-law claims of copyright infringement that accrued before November 16, 2020. *See* § 1915(e)(2)(ii). In light of Plaintiff's *pro se* status, however, the Court grants Plaintiff leave to replead those claims in an amended complaint in which he alleges facts showing why those claims are timely or why the applicable limitations period should be equitably tolled. *See Abbas*, 480 F.3d at 640.

### C. State-law claims

A federal district court may decline to exercise supplemental jurisdiction of state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed those of Plaintiff's claims of which the Court has original jurisdiction (his federal-law claims), the Court declines to exercise its supplemental jurisdiction of any of his state-law claims that remain. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## CONCLUSION

The Court dismisses this action. The Court dismisses Plaintiff's federal-law claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). As explained in this order, however, the Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint.[3] If Plaintiff fails to file an amended

[3] The proper venue for a federal-law claim of copyright infringement is a federal district court "in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Plaintiff alleges that some of the defendants reside or have their principal place of business in New York County, New York, which is within this judicial district. *See* 28 U.S.C. § 112(b). He also alleges, however, that some of the defendants reside in Los Angeles County, California, which is located in the Central District of California. *See* 28 U.S.C. § 84(c)(2). Plaintiff alleges nothing about where Defendant ABC Television Network resides or may be found or where its agent resides or may be found. In his amended complaint, Plaintiff should address why this court is a proper venue for his federal-law claims of copyright infringement.

complaint within the time allowed, and cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court not to close this action, as the Court has granted Plaintiff leave to replead his claims in an amended complaint.

SO ORDERED.

Dated: January 8, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge